UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTIAN OATES,<br><br>    Plaintiff,<br><br>    v.<br><br>PETE BUTTIGIEG,[1]<br>Secretary of Transportation,<br><br>    Defendant. | Civ. No. 3:21CV00030(JBA)<br><br><br><br><br><br><br><br>MAY 3, 2021 |

## JOINT MOTION TO TRANSFER TO PROPER VENUE

Pursuant to 28 U.S.C. §§ 1404 and 1406, the parties move to transfer this civil action to the District of Massachusetts. In support of this motion, the parties represent as follows:

1. This is a federal employment disability discrimination action arising out of Plaintiff's former employment with the Federal Aviation Administration at Logan Airport in Boston, Massachusetts. Complaint, ¶¶ 1, 11.

2. This civil action is brought under the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*. *See* the Complaint.

3. The Rehabilitation Act incorporates by reference certain provisions of Title VII of the Civil Rights Act of 1964, as amended, including the venue provision. 29 U.S.C. § 794a(a)(1).

4. The Title VII venue provision permits a civil action to be brought in (1) the judicial district in the State in which the unlawful employment practice is alleged to have been

---

[1] On February 3, 2021, Pete Buttigieg was sworn in as Secretary of Transportation. Defendant respectfully requests that the Clerk substitute Mr. Buttigieg for Ms. Chao pursuant to Rule 25(d), Fed. R. Civ. P.

      committed, (2) the judicial district where the employment records are, or (3) the judicial district where the employee would have worked absent the discrimination, with an exception not applicable here. 42 U.S.C. § 2000e-5(f)(3).

5. The parties agree that, pursuant to the applicable venue statute, venue in Connecticut is not proper. Plaintiff's employment with the Defendant was at Logan Airport in Boston, Massachusetts. Accordingly, proper venue lies in Massachusetts.

6. In the interest of justice, a district court may transfer a case laying venue in the wrong district to a district in which it could have been brought. 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a).

      Therefore, the parties respectfully move this Court to transfer this case to the district of Massachusetts.

Respectfully submitted,

*/s/ Bryan P. Fiengo*
BRYAN P. FIENGO
SUISMAN, SHAPIRO, WOOL, BRENNAN
GRAY & GREENBERG, P.C.
The Courtney Building Two Union Plaza, Suite 200
P.O. Box 1591
New London, CT 06320
860-442-4416
Fax: 860-442-0495
bfiengo@sswbgg.com
Fed. Bar No. ct27346

Counsel for Plaintiff

LEONARD C BOYLE
UNITED STATES ATTORNEY

*/s/ Carolyn A. Ikari*
CAROLYN A. IKARI
ASSISTANT U.S. ATTORNEY
450 Main Street, Rm. 328
Hartford, Connecticut  06103
(860) 947-1101
carolyn.ikari@usdoj.gov
Fed. Bar No. ct13437

Counsel for Defendants

Certificate of Service

    I hereby certify that on May 3, 2021, the foregoing Joint Motion to Transfer was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Carolyn A. Ikari*
CAROLYN A. IKARI
ASSISTANT U.S. ATTORNEY